IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| DAVID F. MCANDREW , and | : | |
| MARGARET MCANDREW, his wife | : | |
| Plaintiffs | : | |
| v. | : | 3:CV-01-2367 |
| | : | (CHIEF JUDGE VANASKIE) |
| BOROUGH OF JIM THORPE, BARRY | : | |
| ANDREW, Individually and in his Official | : | |
| Capacity as Police Chief, JOSEPH | : | |
| SCHATZ, Individually and in his Official | : | |
| Capacity as Detective | : | |
| Defendants | : | |


<u>MEMORANDUM</u>

This matter is before the Court on Defendants' Motion for summary judgment.  (Dkt.

Entry 23).  Plaintiff David F. McAndrew ("McAndrew") commenced this action on December 13,

2001, alleging that Defendants Barry Andrew, the Chief of Police of the Borough of Jim Thorpe,

Joseph Schatz, a detective with the Jim Thorpe police force, and the Borough of Jim Thorpe

("the Borough") violated his civil rights under 42 U.S.C. § 1983 by charging him with Open

Lewdness and Disorderly Conduct and prosecuting him on those charges.  McAndrew also

alleges that Andrew and Schatz committed the state-law torts of malicious prosecution and

intentional infliction of emotional distress.  Additionally, Plaintiff Margaret McAndrew, David's

wife, claims loss of consortium against all the defendants.

This Court is persuaded that the Defendants are entitled to summary judgment on

Plaintiff's § 1983 claim because Plaintiff failed to present evidence showing he was seized

under the Fourth Amendment.  The Court declines supplemental jurisdiction over McAndrew's

remaining state-law claims and his wife's loss of consortium claim.  Thus, they will be

dismissed, without prejudice.

BACKGROUND

McAndrew was teaching as a reading specialist at the St. Joseph Regional Academy on

the afternoon of October 30, 2000.  (Def's Statement of Uncontested Facts ("S.U.F.") at ¶¶ 1,

9.)  The school principal, Sister Joann Marie Aumand, accused McAndrew of lewd and indecent

behavior in his classroom and reported this to the Jim Thorpe Police Department.[1]  (Id. at ¶ 1.)

Police Chief Andrew assigned Detective Schatz to investigate the accusation.  (Id. at ¶ 4.)

Following his investigation, Detective Schatz charged McAndrew on November 9, 2000,

with Open Lewdness in violation of 18 Pa. Cons. Stat. Ann. § 5901, and Disorderly Conduct in

violation of 18 Pa. Cons. Stat. Ann. § 5503(a)(3).[2]  (Id. at Ex. H.)  McAndrew alleges that Police

---

[1] Sister Aumand stated that she observed McAndrew sitting in a chair with his pants down so that his underwear and the skin of his buttocks were exposed, while his right hand was inside his pants in the area of his genitals.  (Def's S.U.F. at Ex. A.)  The four children in McAndrew's classroom did not observe this conduct.  (Id. at ¶ 12, 14.)  McAndrew denies he had his hands down his pants.  (Id. at Ex. D.)

[2] Section 5901 states that "[a] person commits a misdemeanor of the third degree if he does any lewd act which he knows is likely to be observed by others who would be affronted or alarmed."  Section 5503(a)(3) states that "[a] person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he . . . (3) uses obscene language, or makes an obscene gesture . . . ."

Chief Andrew and Detective Schatz "knew or should have known that there was no probable cause" for the charges.  (Pl.'s Compl. at ¶ 15.)  He also claims the charges were brought maliciously.  (Id. at ¶¶ 16-20.)

McAndrew was served a summons by mail.  (Def.'s Supplemental Br. In Supp. at 3.)  Pursuant to the Pennsylvania Rules of Criminal Procedures, he was directed to appear at a preliminary hearing on the matter.  (Id. at Ex. D.)  He was further ordered to make an appearance at the police department for fingerprint identification at some point before the hearing.  (Pl.'s Supplemental Br. In Opp. at Ex. C.)  McAndrew was released on his own recognizance until his trial proceedings.  (Def.'s Supplemental Br. In Supp. at Ex. B.)  He was found not guilty at trial.  (Def's S.U.F. at ¶ 32.)

As a result of the litigation, however, McAndrew alleges that he was suspended with pay by the Jim Thorpe School District, that his reputation was damaged by unfavorable publicity, and that he suffered mental distress, necessitating psychiatric care.  (Pl.'s Compl. at ¶¶ 21, 26-28.)  McAndrew filed the complaint in this matter on December 13, 2001.  (Dkt. Entry 1.)  The Defendants' Motion to dismiss was denied on July 23, 2003.  (Dkt. Entry 16.)  The pending motion for summary judgment was filed on March 12, 2004.  (Dkt. Entry 23.)  The motion has been fully briefed and is now ripe for decision.

DISCUSSION

A.      Standard of Review

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FEDERAL. R. CIV. P. 56(c). A fact is "material" if proof of its existence or nonexistence might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to nonmoving party. Cont'l Ins. Co. v. Bodie, 682 F.2d 436, 438 (3d Cir. 1982). The moving party has the burden of showing the absence of a genuine issue of material fact, but the nonmoving party must present affirmative evidence from which a jury might return a verdict in the nonmoving party's favor. Anderson, 477 U.S. at 256-57. Merely conclusory allegations taken from the pleadings are insufficient to withstand a motion for summary judgment. Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). Summary judgment is to be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

### B.    The Section 1983 Claim

McAndrew uses 42 U.S.C. § 1983 as a vehicle to bring his civil rights claim arising from the alleged malicious prosecution.  To state a claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law.[3]  <u>Dibella v. Borough of Beachwood</u>, 407 F.3d 599, 601 (3d Cir. 2005); <u>Mark v. Borough of Hatboro</u>, 51 F.3d 1137, 1141 (3d Cir. 1995).  A plaintiff claiming a civil rights violation due to malicious prosecution must show that he suffered a Fourth Amendment seizure during the prosecution.[4] See <u>Dibella</u>, 407 F.3d at 601-03; <u>Bristow v. Clevenger</u>, 80 F. Supp. 2d 421, 429 (M.D. Pa. 2000); <u>Williams v. Fedor</u>, 69 F. Supp. 2d 649, 669-70 (M.D. Pa. 1999).  In addition, a plaintiff

---

[3]Section 1983, 42 U.S.C. § 1983, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

[4] The Plaintiff also alleges malicious prosecution under the Fourteenth Amendment. (Pl's Compl. at ¶33.)  However, this claim is barred under the Supreme Court's holding in <u>Albright v. Oliver</u>, 510 U.S. 266, 273 (1994).

must prove the elements of malicious prosecution.[5]  See Dibella, 407 F.3d at 601; Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998).

In previously denying the Defendants' Motion to dismiss, this Court relied on cases that interpreted Gallo as holding that a defendant's obligation to appear in court and answer charges constituted a Fourth Amendment seizure.  (Dkt. Entry 16, at 8)("While a mere summons and requirement to attend a preliminary hearing is not a seizure, the requirement that McAndrew appear in court at trial is a sufficient restraint on liberty to constitute a Fourth Amendment seizure.")  However, Our Court of Appeals has since held that appearance at trial does not qualify as a Fourth Amendment seizure.  Dibella, 407 F.3d at 603.  Instead, "[p]retrial custody and some onerous types of pretrial, non-custodial restrictions constitute a Fourth Amendment seizure."  Id.

In Dibella, the plaintiffs were issued a summons but were not arrested.  They never posted bail, had no travel prohibitions, and were not required to contact Pretrial Services.  Id. However, they did have to attend multiple trial proceedings.  Id. at 600.  The court held that this did not constitute seizure under the Fourth Amendment.  Id. at 603.  Similarly, Plaintiff here was not arrested, but only received a summons by mail.  He did not post a bond but was released on his own recognizance.  He did not have any travel restrictions or periodic duty to report to

---

[5] A malicious prosecution claim has four elements: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) the defendants acted maliciously for a purpose other than bringing the plaintiff to justice."  Hilfirty v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996).

pretrial services.  As such, he was not subjected to the type of pretrial restrictions that implicate the Fourth Amendment.  Compare with Gallo, 161 F.3d at 222-25 (Plaintiff who was arrested and required to post a $10,000 bond, required to report to pretrial services on a periodic basis, and was subjected to travel restrictions was found seized).

Nonetheless, Plaintiff argues that he was seized before trial because he was required to appear for fingerprint identification and a preliminary hearing.  These demands are better understood as relating to his trial, than as restrictions on his pretrial liberty.  Indeed, the preliminary hearing was mainly for McAndrew's benefit, as it provided an opportunity to challenge his charge prior to a full trial.  PA. R. CRIM. PROC. 542(D)("If a prima facie case of defendant's guilt is not established . . . the issuing authority shall discharge the defendant").  Moreover, McAndrew was given discretion as to when he would be fingerprinted.

In Bristow, this Court held that a plaintiff who was fingerprinted, photographed, and had to attend a pretrial conference was not seized.  80 F. Supp. 2d at 430.  Likewise, this Court finds that McAndrew was not seized, as he was not arrested nor subjected to onerous non-custodial, pretrial restrictions.  Because Plaintiff has failed to show that he suffered a Fourth Amendment seizure, his malicious prosecution claim under § 1983 must fail as a matter of law.

C.     State-Law Claims

Where, as here, dismissal of a federal law claim is warranted, this Court may decline to exercise supplemental jurisdiction over pendent state-law claims.  See 28 U.S.C. 1367(c)(3);

Queen City Pizza, Inc. v. Domino's Pizza, Inc., 124 F.3d 430, 444 (3d Cir. 1997); Stehney v. Perry, 101 F.3d 925, 939 (3d Cir. 1996).  Finding no compelling reason to retain jurisdiction over McAndrew's state law claims and no prejudice to McAndrew from their dismissal, this Court will decline to exercise supplemental jurisdiction over McAndrew's state-law claims and those claims will be dismissed without prejudice.

> D.   Ms. McAndrew's Loss of Consortium Claim

Ms. McAndrew's claim for loss of consortium are derivative of her husband's claims. See Darr Constr. Co. v. Workers' Compensation Appeals Bd. (Walker), 715 A.2d 1075, 1079-80 (Pa. 1998).  Because this Court has dismissed her husband's claims, the loss of consortium claim no longer survives in this Court.

CONCLUSION

For the reasons set forth above, the Defendants are granted summary judgment on the Plaintiff's § 1983 complaint.  The remaining claims will be dismissed, without prejudice.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania

8

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


DAVID F. MCANDREW , and : 
MARGARET MCANDREW, his wife : 
                Plaintiffs : 
    v. :       3:CV-01-2367
                         :       (CHIEF JUDGE VANASKIE)
BOROUGH OF JIM THORPE, BARRY : 
ANDREW, Individually and in his Official : 
Capacity as Police Chief, JOSEPH : 
SCHATZ, Individually and in his Official : 
Capacity as Detective : 
                Defendants : 

<u>ORDER</u>

NOW, THIS 28th DAY OF SEPTEMBER, 2005, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1.  Defendants' Motion for Summary Judgment (Dkt. Entry 23) is **GRANTED**.

2.  Plaintiffs' state-law claims for malicious prosecution, intentional infliction of emotional distress, and loss of consortium are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

3. The Clerk of Court is directed to enter judgment in favor of Defendants on Plaintiff's civil rights claim and to mark this matter **CLOSED**.

<u>s/ Thomas I. Vanaskie</u>
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania